UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    CRIM NO. 3:00CR227(SRU)

VS.

BENITO ROSARIO                              SEPTEMBER 13, 2005

## DEFENDANT'S MEMORNDUM IN SUPPORT OF CROSBY REMAND AND RESENTENCING

This matter has been remanded to the District Court by mandate dated June 8, 2005, to determine whether or not it is appropriate to resentence Benito Rosario, if the Court would have imposed a materially different sentence if the Sentencing Guidelines had been advisory.

### I.  PROCEDURAL HISTORY

On August 15, 2001 the Defendant pled guilty of conspiracy to possess with intent to distribute narcotics in violation of 21 USC §841(a)(1) and 846.  He was sentenced on December 2, 2002 to a term of incarceration of 210 months.  The Defendant filed a timely notice of appeal.  Thereafter in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct 738 (2003), and the Court of Appeals' decision in *United States vs. Crosby*, 397 F.3rd 103 (2nd Cir. 2005) this remand was ordered.

### II.  ARGUMENT

This is a Defendant with no prior record, who was essentially a street dealer with the Estrada organization within the PT Barnum housing complex in Bridgeport.  He was 25 years old when arrested.

He was recruited by his brother, who was admittedly a lieutenant in the organization, to sell for them on the street.

1

The Trial Court sentenced the Defendant to 210 months, which was within the guidelines' range, and noted that its "hands were tied" because of this[1]. The Court refused to depart downwards on the basis of abhorrent behavior, arguing that such would not be appropriate under the Guidelines. He also had a drug problem and was sentenced to a 500-hour drug treatment program, although it is not known if he entered the program...

Without the guidelines, a simple review of Defendant's life from the presentence report indicates that many factors, including the Defendant's age, and no prior history, which would indicate that a sentence less than 210 months would be appropriate.

Having dropped out of school in the 10th grade, being a drug abuser and a simple foot soldier for the Estrada organization, a sentence of 210 months is not appropriate for the then 25 year old Defendant. The Defendant would ask the Court to compare this sentence with other sentences rendered in this matter. While a re-sentencing is not mandatory under *Booker*, supra, the facts indicate that 210 months is excessive under all of the pertinent circumstances for this very young and inexperienced defendant.

Defendant Benito Rosario requests that he be resentenced on remand to a lesser term of incarceration.

> THE DEFENDANT
> BENITO ROSARIO
>
>
> BY_____
> JONATHAN J. EINHORN, ESQ.
> 412 ORANGE STREET
> NEW HAVEN, CT 06511
> 203-777-3777/FED BAR ct 00163

---

[1] The sentencing transcript is available from defense counsel, upon request.

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing was mailed, postage prepaid this 12th day of September, 2005 to the following:

Alina P. Marquez, Esq.
Alex Hernandez, Esq.
U.S. Attorney's Office
915 Lafayette Boulevard
Bridgeport, CT  06604

_____
JONATHAN J. EINHORN