UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| BENITO ROSARIO | : | February 6, 2006 |

**GOVERNMENT'S POST-*BOOKER* MEMORANDUM**

On June 8, 2005, the Court of Appeals for the Second Circuit entered its Mandate directing this Court to determine pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), whether it would have imposed a non-trivially different sentence if the Guidelines had been purely advisory. By way of a memorandum dated September 13, 2005, the defendant has urged this Court to resentence him based upon a number of factors including his age, lack of education and lack of prior criminal history. This memorandum is submitted in response to the defendant's memorandum.

The PSR calculated the defendant's imprisonment range as follows:

| | |
|---|---|
| 2D1.1(c)(1) | 38 |
| 2D1.1 (Firearms) | +2 |
| Role Adjustment 3B1.1 | 0 |
| Acceptance of Responsibility 3E1.1 | 0 |
| Obstruction of Justice 3C1.1 | +2 |
| Total Offense Level | 42 |

The intersection of Total Offense Level 42 and Criminal History Category I yielded a range of 360 months to lifetime imprisonment.  At the time of sentencing, however, the district court granted the defendant a three-level downward adjustment for acceptance of responsibility notwithstanding the fact that it also determined that he obstructed justice at the trial of co-defendant Makene Jacobs.  As a consequence, the sentencing court arrived at a total Guidelines offense level of 39.  The intersection of offense level 39 and criminal history category I resulted in an imprisonment range of 262 to 327 months.  Tr. 34-5.

Counsel for the defendant moved for a downward departure based upon his claim that the guidelines over-represent the nature of his criminal involvement Tr. 36, his relative youth Tr. 36, lack of criminal record Tr. 36, a history of family abuse Tr. 37, "his entire family background" Tr. 38, and the totality of the circumstances Tr. 39.

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court rendered the Guidelines purely advisory and on the same level as the factors traditionally taken into consideration by sentencing courts as codified in Title 18, United States Code, Section 3553(a).  Section 3553 enumerates those factors which a sentencing court must consider when imposing sentence:

> (a) Factors to be considered in impoising a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forthin paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendnat; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the [appliable Guidelines sentencing range]
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

18 U.S.C. § 3553.

Althought the district court did not specifically reference 18 U.S.C. § 3553, it stated that its sentence was fashioned to address those factors which are set forth in Section 3553. For example, the district court stated that its sentence would reflect the need for punishment ("What you did is clearly wrong.") Tr. 43, to serve as deterrence ("An important factor is deterrence . . .") Tr. 43-4, to protect society from the defendant ("There is a need to get people off the street, frankly, when they've engaged in certain types of activities.") Tr. 44, and the need for rehabilitation (". . . but there is also a need to try and rehabilitate."), Tr. 44-5. The sentence of the court also reflected the history and characteristics of the defendant ("You have a drug habit, or you had one . . ." Tr. 44, as well as the nature and circumstances of the offense ("You made a

choice not to become a lieutenant when you had the opportunity." Tr. 45.  Finally, the district court explained that the sentence it was going to impose reflected the fact that the defendant had perjured himself at the trial of his co-defendant,

> The testimony you gave on behalf of Makene Jacobs was frankly a very stupid thing to do.  It has tied my hands to a certain extent and resulted in a guideline range that's, you know, four or five years higher that it would otherwise be, and I don't understand why you did it, I can't condone it, and you need to understand that that is part of the reason you're going to get the sentence you get is because that happened.

Tr. 45.

Notwithstanding its finding that the defendant had perjured himself, the sentencing court granted the defendant's motion for a downward departure stating, "I think that you're in need of that departure largely due to the fact that you took the stand and testified falsely in Mr. Jacob's case . . ." Tr. 47.  As a consequence, the sentencing court departed from the Guidelines and imposed a sentence of 210 months imprisonment.

Based upon the government's reading of the transcript, the sentencing court took into consideration those factors set forth in 18 U.S.C. § 3553.  Further, the district court has already afforded the defendant considerable consideration at the time of sentencing in the form of a downward departure.  In the government's view, therefore, the district court has already imposed a sentence which – while imposed under the mandatory Guidelines regime – nevertheless reflected the concerns of the sentencing court that its sentence should be carefully tailored to the defendant's particular circumstances.  Thus, the government is opposed to the court's proceeding with a *Crosby* resentencing, and respectfully urges the court to adhere to the sentence originally imposed.

The district court, however, is in the unique position to determine whether it would have imposed a different sentence if the Guidelines had been purely advisory. The undersigned are available at the convenience of the court for further argument on the defendant's motion. If the district court wishes to proceed with the presence of the defendant, the undersigned require notice of approximately 2 to 3 weeks to secure the defendant's appearance as required.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>
>ALEX V. HERNANDEZ
>SUPERVISORY ASSISTANT U.S. ATTORNEY
>FEDERAL BAR NO. CT08345
>915 LAFAYETTE BLVD. ROOM 309
>BRIDGEPORT, CT 06604
>(203) 696-3000
>Fed. Bar Number: CT08345
>
>
>ALINA P. REYNOLDS
>ASSISTANT UNITED STATES ATTORNEY

**CERTIFICATE OF SERVICE**

This is to certify that on February 6, 2006, a copy of the foregoing was mailed, postage prepaid, to the following:

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511

>Alex Hernandez