**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 3:00cr227 (SRU) |
| BENITO ROSARIO | |

### RULING AND ORDER REGARDING REQUEST FOR RESENTENCING

Benito Rosario pled guilty to a charge of conspiring to possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 2, 2002, I sentenced Rosario principally to 210 months' imprisonment. The term of imprisonment reflected a downward departure from the Sentencing Guideline range of 262 to 327 months. Rosario appealed his sentence. On June 29, 2005, the United States Court of Appeals for the Second Circuit granted the government's motion to remand this case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I reviewed the parties' briefing, the Presentence Report, and the transcript of the sentencing hearing on December 2, 2002. Based upon that review, I have decided that I would not have sentenced Rosario to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts. First, at the initial sentencing, I was able to depart from the Sentencing Guidelines incarceration range. This meant that the mandatory nature of the Sentencing Guidelines did not prevent me from imposing the sentence of incarceration that I believed was appropriate, taking into account all of the information I had available to me about Rosario. Second, having decided to depart, I weighed the factors set forth in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed. Thus, I considered the nature

and circumstances of the offense, the characteristics of the defendant, the purposes of sentencing, and the Sentencing Guideline range. *See* Sentencing Tr. at 42-47 (Dec. 2, 2002). The facts I relied upon at the initial sentencing remain pertinent under an advisory Sentencing Guidelines scheme: the long period of criminal activity, the substantial amount of drugs sold, the impact of the crime on the community, and Rosario's obstruction of justice. *Id.* at 43, 45. At the same time, I was able to consider mitigating factors that together formed the basis for the downward departure. *Id.* at 44, 45-47. These are the same facts that would have led me to impose a sentence not trivially different than 210 months' imprisonment had I been able to sentence Rosario under an advisory Sentencing Guideline scheme in December 2002.

      The request for resentencing (**doc. # 1403**) is **DENIED**.

      It is so ordered.

      Dated at Bridgeport, Connecticut, this 16th day of May 2006.

                                              /s/ Stefan R. Underhill

                                              Stefan R. Underhill
                                              United States District Judge